IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


REGINALD COBB,

    Petitioner,

v.                                                   CASE NO. 5:07-cv-105-MCR-AK

JAMES MCDONOUGH,

    Respondent.
_____/


## ORDER

This cause is before the Court on Petitioner's motion to stay resolution of his habeas petition. Doc. 15. The suggestion of a stay was first made by Respondent, who argues that the instant petition is "mixed" for purposes of exhaustion. Doc. 13. Unbeknownst to the Court at the time it ordered Respondent to file a response, Petitioner presently has a Rule 3.850 motion pending evidentiary hearing in state court on an issue related to the confidential informant who allegedly purchased drugs from Petitioner in an undercover operation but who now denies the purchase. According to the parties, this cause should be stayed because the instant petition raises the issue of counsel's effectiveness in failing to withdraw from representation of Petitioner based on a conflict of interest in representing both Petitioner and the said confidential informant, who allegedly received a favorable termination of a probation violation for assisting law enforcement in buying drugs from Petitioner.

While the Court does not believe that the instant petition is "mixed," as that term is defined by the United States Supreme Court, *see Rhines v. Weber*, 544 U.S. 269, 271 (2005) (a mixed petition is "a single petition containing some claims that have been exhausted in the state court and some that have not"), since it contains only the one exhausted claim of ineffectiveness, it does believe that in the interest of comity, a stay is appropriate. If Petitioner is successful in state court regarding the confidential informant, then he may receive the benefit which he seeks in this proceeding and further consideration of the ineffectiveness claim here would not be necessary.

In accordance with the dictates of *Rhines*, however, the stay will not be indefinite. *See Rhines*, 544 U.S. at 277-78. Almost a year ago, the state court determined that an evidentiary hearing was necessary on Petitioner's claim, but it failed to set the matter for evidentiary hearing, and thus, it will be the duty of Respondent and his counsel to see that the evidentiary hearing is scheduled and resolved posthaste.

Accordingly, it is **ORDERED**:

That the motion to stay, Doc. 15, is **GRANTED**;

That this cause is hereby **STAYED** pending further order of the Court;

That, within 30 days of the date of this Order, Respondent shall take appropriate steps to advise the Circuit Court for Calhoun County, Florida, of this Order, and to follow up and take all necessary steps to ensure that an evidentiary hearing is scheduled and held on Petitioner's state court motion for post-conviction relief/newly discovered evidence as soon as practicable;

That, within 45 days of this Order, Respondent shall file a Certification in this Court advising it of the steps he has taken to effectuate the Court's order;

That, within 30 days after state court exhaustion is completed, Respondent shall file a motion to lift the stay.

**DONE AND ORDERED** this  *9th*   day of January, 2008.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**