**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

REGINALD COBB,

       Petitioner,

v.                                 CASE NO. 5:07cv105/MCR/AK

WALTER MCNEIL,

       Respondent.

_____/

## O R D E R

This case is before the Court on Petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The case was stayed pending exhaustion of state-court remedies, and the stay was lifted on October 29, 2009. (Docs. 18, 28). Respondent has filed a response with relevant portions of the state-court record. (Docs. 13, 31). Although Petitioner was afforded an opportunity to reply to the Respondent's response, he has not done so. Upon due consideration of the petition, the response, and the state-court record, the Court concludes that the Petition must be denied.[1]

### State-Court Proceedings

As set forth in the state-court record, the facts underlying the petition may be summarized as follows. Petitioner was convicted by a jury in 2002 of possession and sale of cocaine. The charges stemmed from a sting operation set up by the Calhoun County Sheriff's Department, during which, on December 21, 2001, Petitioner sold drugs to a confidential informant, later identified as Eddie Deveaux, and to an undercover Police Academy student named Maria Louise Bradley, who was at the time working for the

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

Calhoun County Sheriff's Department. The transaction was recorded on audio and videotape. Mr. Deveaux was on probation at the time, and had approached law enforcement officials and offered to assist in drug buys in exchange for favorable consideration of a pending violation-of-probation charge. Attorney Shad Redmon was appointed to represent Mr. Deveaux in connection with the VOP case on December 6, 2001, at which time Mr. Deveaux signed a notice to return to court on January 23, 2002. Mr. Deveaux assisted police on approximately 18 drug buys, and the court terminated his probation favorably on February 6, 2002, without a hearing. Between December 6, 2001, and February 6, 2002, Mr. Redmon had no contact with Mr. Deveaux, and had no involvement in the termination of Mr. Deveaux's probation. On March 6, 2002, Mr. Redmon was appointed to represent Petitioner on his pending criminal charges.

Mr. Redmon took Mr. Deveaux's deposition in connection with his representation of Petitioner, and determined that Mr. Deveaux's testimony would not aid in Petitioner's defense. Neither the State nor Mr. Redmon called Mr. Deveaux to testify at Petitioner's trial. The evidence against Petitioner consisted primarily of Ms. Bradley's testimony and the audio and videotapes of the drug buy.

Following his conviction, but before sentencing, Mr. Redmon notified the court that he previously had been appointed to represent Mr. Deveaux. In view of the possible conflict, the court appointed new counsel for Petitioner, Mr. Wade Mercer. Mr. Mercer filed a motion for a new trial on the ground that Mr. Redmon had an inherent conflict of interest. Following a hearing, the court denied the motion because Mr. Deveaux had not been called by either party to testify at trial. Petitioner was sentenced to 15 years incarceration. The state appellate court affirmed *per curiam* without opinion. *Cobb v. State*, 867 So. 2d 580 (Fla. 1st Dist. Ct. App. 2004).

Petitioner filed a rule 3.850 motion in the trial court, alleging, *inter alia,* that Mr. Redmon rendered ineffective assistance for failing to file a motion to withdraw prior to trial and for failing to timely file a motion for new trial based on conflict of interest. The court determined that Petitioner had not demonstrated that his counsel's failure to withdraw prior

to trial amounted to grounds for postconviction relief under *Strickland v. Washington,*[2] because Petitioner had not established that the outcome of the trial would have been any different.  The court noted that Petitioner's new counsel had filed a timely motion for new trial, which was denied following a hearing.  The appellate court affirmed *per curiam* without opinion.  *Cobb v. State*, 952 So. 2d 1194 (Fla. 1st Dist. Ct. App. 2007).[3]

The sole claim raised in Petitioner's federal habeas petition is that his trial counsel rendered ineffective assistance by failing to file a motion to withdraw prior to trial based on conflict of interest.  Petitioner asserts that in accordance with *Cuyler v. Sullivan*, 446 U.S. 335 (1980),  in the face of an actual conflict of interest prejudice may be presumed and it is unnecessary to show that the outcome of the trial would have been different in order to establish the prejudice prong of *Strickland*.  *See* Doc. 1.  Respondent concedes that the petition is timely, but argues that Petitioner did not present his claim to the state courts as a *Cuyler v. Sullivan* claim, and accordingly his claim is unexhausted and procedurally defaulted to that extent.  Respondent contends that Petitioner in any event is not entitled to relief on the merits of his claim.

## Section 2254 Standard of Review

Federal habeas corpus relief may be granted only if the petitioner has properly exhausted his federal claims in state court. § 2254(b)(1), (c).  However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).  To exhaust state-court remedies, the federal claim must be fairly presented to the state court, to give the State the opportunity to pass upon and correct alleged violations of federal constitutional rights. *See Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (citations omitted); *Duncan v. Henry,* 513 U.S. 364, 365-366 (1995). While it is not

---

[2] 466 U.S. 668 (1984).

[3] Petitioner unsuccessfully pursued other state postconviction relief on the grounds of newly-discovered evidence.  The substance of that proceeding is not relevant to this case, except that in an evidentiary hearing in that case Mr. Redmon testified as to the events surrounding his representation of Petitioner.  The substance of that testimony has been summarized above.

necessary that the petitioner cite "book and verse" of the Constitution, the state court must be alerted to the fact that a federal constitutional claim is raised. *Duncan,* 513 U.S. at 365-366 (citations omitted); *see also McNair v. Campbell,* 416 F.3d 1291, 1303 (11th Cir.2005) (holding that a petitioner must "do more than scatter some makeshift needles in the haystack of the state court record") (citations omitted).

The petitioner also "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *Pope v. Rich,* 358 F.3d 852, 854 (11th Cir.2004) (applying this one complete round requirement to state collateral review process as well as direct appeal). If a claim is not fairly presented through one complete round of state court review and review is no longer available in state court, it is procedurally defaulted and the petitioner must demonstrate cause and prejudice for the default *or* a miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *McCleskey v. Zant,* 499 U.S. 467, 494-95 (1991).

For properly exhausted claims, there are limitations on this court's review of state court findings of fact. Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied

Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir.2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also, Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8 (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652 (2004).

### Ineffective Assistance of Counsel

The basic law governing ineffective assistance of counsel claims was clearly established in *Strickland v. Washington,* 466 U.S. 668, 690(1984). *See Williams,* 529 U.S. at 405-406, *Bell,* 535 U.S. at 694-695. Under the two-part test of *Strickland,* a petitioner must demonstrate both deficient performance and prejudice to the outcome. To establish deficient performance, a petitioner "must identify the acts or omissions of counsel that are

alleged not to have been the result of reasonable professional judgment." 466 U.S. at 690. In reviewing the claim, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690. "[B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that *no competent counsel* would have taken the action that his counsel did take." *Chandler v. United States,* 218 F.3d 1305, 1315 (11th Cir.2000). *See also Fugate v. Head,* 261 F.3d 1206, 1217 (11th Cir.2001) (citing *Chandler* ). Where trial counsel's performance was objectively reasonable, the fact that another reasonable lawyer would have pursued a different course is immaterial whether or not trial counsel actually considered that different course of action. *Chandler,* 218 F.3d at 1315, n. 16 (citations omitted). As it is an objective inquiry, it "matters little" if, after the conviction, counsel concedes his performance was deficient. *Id.* (citations omitted).  To demonstrate prejudice under *Strickland,* a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

Although *Strickland* provides the analytical framework for standard ineffective-assistance claims, a conflict of interest claim may be reviewed differently.  As established in *Cuyler v. Sullivan*, if a defendant shows (1) "that his counsel actively represented conflicting interests" and (2) that the conflict "adversely affected his lawyer's performance," then a defendant is presumed to be prejudiced.  *Sullivan*, 446 U.S. at 350.  The Eleventh Circuit has explained that "[t]he allure of the *Sullivan* test for defendants is that adverse effect is much easier to show than the actual prejudice required when all that is involved is an attorney error."  *Schwab v. Crosby*, 451 F.3d 1308, 1322 (11th Cir. 2006).  The Eleventh Circuit went on to explain, however, that the *Sullivan* decision involved only attorney conflict of interest stemming from concurrent joint representation of criminal defendants.  The Court noted that the Supreme Court in *Mickens v. Taylor,* 535 U.S. 162 (2002), announced that :"'*Sullivan* itself does not clearly establish, or indeed even support, such expansive application,'" to attorney conflict claims other than those stemming from

joint representation of criminal co-defendants. *Schwab*, 451 F.3d at 1324-25 (quoting *Mickens*, 535 U.S. at 175). *Schwab* involved a claim that a defendant's public defender had a conflict of interest giving rise to a Sixth Amendment violation because the prosecution called employees of the public defender's office as witnesses regarding an evidence chain-of-custody issue, and Schwab's public defender insisted that he could not cross-examine the witnesses, and did not do so. The Eleventh Circuit concluded that the petitioner had failed to establish *Strickland* prejudice because there was no showing of a reasonable probability that the outcome of the trial would have been different had Schwab's counsel conducted the cross-examination. As to Schwab's further claim that the state court should have evaluated his conflict claim under the *Sullivan* standard, the Eleventh Circuit concluded in light of *Mickens* that the state court's "decision that *Sullivan's* limited presumption of prejudice does not apply in this context is not 'contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court,'" nor was a failure to extend *Sullivan* in that case unreasonable. *Schwab*, 451 F.3d at 1328 (quoting 28 U.S.C. § 2254(d)(1)).

## Discussion

As an initial matter, the Court is satisfied that *pro se* Petitioner fairly presented this constitutional ineffective-assistance claim to the state courts for purposes of the § 2254(b) exhaustion requirement, regardless whether he advocated for *Cuyler v. Sullivan* as the applicable analytical framework. In any event, as noted above the Court may deny habeas relief notwithstanding exhaustion, and it is clear that Petitioner is not entitled to relief on the merits of this claim.

The state court analyzed Petitioner's conflict claim under *Strickland* and determined that Petitioner had not demonstrated prejudice because he had not shown that the outcome of his trial would have been different had his trial counsel withdrawn from representation prior to trial. Although Petitioner argues otherwise, because his conflict claim does not concern the joint representation of co-defendants, the state court's assessment of the claim under *Strickland* rather than *Sullivan* was not 'contrary to, or an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court.'" *See Schwab*, 451 F.3d at 1328 (quoting 28 U.S.C. § 2254(d)(1)).

Moreover, Petitioner has made no showing that the state court's rejection of his claim under the prejudice prong of *Strickland* provides any basis for federal habeas relief. Petitioner wholly fails to explain how another attorney, free of any association with Mr. Deveaux, could have successfully defended him against the charges. In the absence of any such showing, Petitioner has failed to show that the state court's rejection of his ineffective-assistance claim was contrary to, or an unreasonable application of federal law, or an unreasonable determination of the facts in light of the evidence presented in the state court. *See* 28 U.S.C. § 2254(d).

## Denial of COA

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to relief under 28 U.S.C. § 2254. Pursuant to Rule 11(a), Rules Governing Habeas Corpus Petitions Under Section 2254, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court should issue a COA only if the petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Such a showing is made when the petitioner has demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court is not persuaded that reasonable jurists would find the Court's assessment of Petitioner's claims debatable or wrong, and therefore the Court will not issue a COA.

Accordingly, it is **ORDERED AND ADJUDGED:**

1.      The Petition is **DENIED**.

2.      A COA is **DENIED.**

**DONE AND ORDERED** this 9th day of September, 2010.

s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**